IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-723-BO

| | |
|---|---|
| JAMES LEMAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGESTONE BANDAG, LLC AND )<br>BRIDGESTONE AMERICAS, INC., )<br>)<br>Defendants. )<br>_____ ) | O R D E R |

This matter is before the Court on Defendants' Motion to Dismiss Counts I-II and IV-VI of Plaintiff's Complaint [DE 6]. Plaintiff responded on January 24, 2012 [DE 11] and Defendants replied on February 7 [DE 13]. The Motion is now ripe for adjudication. For the following reasons, Defendants' Motion is GRANTED. Plaintiff's claim pursuant to 42 U.S.C. § 1981 is permitted to proceed. All other claims are DISMISSED.

## BACKGROUND

Plaintiff James Lemay began working for Defendant Bridgestone Bandag's predecessor in 1991 as a Banbury operator. He was later reassigned to the Oxford, North Carolina plant. In September of 2004, while working at the Oxford plant, Mr. Lemay was injured by a blade that cut off four of his fingers. As a result, he had to undergo partial amputation of those four fingers. He alleges that he has a physical disability, that he has requested reasonable accommodations from Defendants, and that Defendants initially refused to transfer him to another position or otherwise accommodate his disability, although they have reasonably accommodated white employees. Mr. Lemay concedes that he has since been reassigned.

Mr. Lemay filed an EEO charge on February 5, 2009, alleging disability discrimination under the ADA and ADAAA. His right to sue letter was issued on September 9, 2009. On December 9, 2009, he filed a complaint in the Eastern District of North Carolina against Defendants, alleging claims for (1) disability discrimination in violation of the ADA and the Civil Rights Act, (2) racial harassment and race discrimination in violation of Title VII, (3) racial harassment and race discrimination in violation of 42 U.S.C. § 1981, (4) retaliation in violation of Title VII, (5) violation of the North Carolina Equal Employment Practices Act, and (6) North Carolina intentional infliction of emotional distress. On June 15, 2010, this Court entered an order granting Defendants' motion to dismiss as to the race discrimination and intentional infliction of emotional distress claims and the claim pursuant to the North Carolina Equal Employment Practices Act ("NCEEPA"). This Court denied the motion as to the retaliation claim and claim pursuant to 42 U.S.C. § 1981. On October 18, 2010, this Court entered a stipulated order of dismissal without prejudice.

The current case was originally filed in the General Court of Justice, Superior Court Division, Wake County on October 14, 2011. Defendants removed the case to this Court on December 14, 2011. In his complaint, Plaintiff alleges claims for (1) disability discrimination in violation of the ADA and the Civil Rights Act, (2) racial harassment and race discrimination in violation of Title VII, (3) racial harassment and race discrimination in violation of 42 U.S.C. § 1981, (4) retaliation in violation of Title VII, (5) violation of the North Carolina Equal Employment Practices Act, and (6) North Carolina intentional infliction of emotional distress–the same claims he asserted in his first action before this Court. In their Motion to Dismiss, Defendants claim that Plaintiff's complaint is virtually identical to the complaint he filed two years ago, as discussed above.

Defendants now seek to dismiss Counts 1, 2, 4, 5, and 6 of Plaintiff's complaint.

## DISCUSSION

### I. Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

### II. Mr. Lemay's Untimely Claims

Lawsuits alleging discrimination in violation of the ADA or Title VII must be filed within 90 days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). Mr. Lemay filed an EEO charge on February 5, 2009, alleging disability discrimination under the ADA and ADAAA. His right to sue letter was issued on September 9, 2009. Mr. Lemay initially filed his lawsuit on December 9, 2009, but later voluntarily dismissed the same. Mr. Lemay's subsequent refiling of his suit two years later, on October 13, 2011, is untimely. Nor can voluntary dismissal of his prior suit toll the 90-day period. *Birch v. Peters*, 25 F. App'x 122, at *1 (4th Cir. 2001) ("Where, as here, the plaintiff voluntarily dismisses a lawsuit that was brought in federal court, asserted a purely federal claim, and was subject to a federal

statute of limitations, state savings statutes do not apply.").

Mr. Lemay counters that equitable tolling applies to his administrative charge. Mr. Lemay is correct to note that equitable tolling can, in appropriate circumstances, apply to ADA claims filed outside of the 90-day period. *See Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011). However, this tolling only attaches when either (1) "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" or (2) "extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time." *Id.* (internal citations omitted). Mr. Lemay argues that he was "extremely concerned" about filing a subsequent EEO charge after his first charge had led to additional harassment. He also asserts that Defendant reassigned him so that he would believe that no additional remedies remained, and he would not file any additional charges. Mr. Lemay does not allege that he was tricked by Defendant's misconduct into allowing his filing deadline to pass. Further, none of the circumstances described by Mr. Lemay are "extraordinary" under the law of this circuit. *See id.*; *Coleman v. Talbot County Detention Ctr.*, 242 F. App'x 72, 74 (4th Cir. 2007) (equitable tolling applied where a complainant credibly alleged that she never received her right to sue letter). Absent any extraordinary circumstances or misconduct by Defendant, Mr. Lemay cannot benefit from equitable tolling. Therefore, Counts 1, 2[1], and 4 of Mr. Lemay's complaint are untimely and must be dismissed.

### III. Mr. Lemay's Claim Pursuant to the NCEEPA

As previously noted in this Court's Order of June 15, 2010, North Carolina courts have not

---

[1]The Court notes that this claim (Count 2) must also be dismissed as outside the scope of Mr. Lemay's EEO charge, as he never alluded to discrimination on the basis of race in his charge filed on February 5, 2009. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

recognized a private cause of action under the NCEEPA, absent a claim for wrongful discharge. *Townsend v. Shook*, 323 F. App'x 245, 251 (4th Cir. 2009); *Blount v. Carlson Hotels, Inc.*, No. 3:11-CV-452-MOC-DSC, 2012 WL 1021735, at *7 (W.D.N.C. Mar. 1, 2012). Given that Mr. Lemay does not allege that he has been discharged, this claim must be dismissed.

## IV. Mr. Lemay's Claim of Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress requires (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another. *Pierce v. Atl. Grp., Inc.*, 724 S.E.2d 568, 577 (N.C. Ct. App. 2012) Defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible grounds of decency." *Id.* (citing *Lorbacher v. Housing Auth.*, 493 S.E.2d 74, 81-82 (N.C. Ct. App. 1997)).

Mr. Lemay alleges that Defendant's refusal to accommodate his disability constitutes extreme and outrageous conduct. However, North Carolina courts have been reluctant to find actionable intentional infliction of emotional distress claims in the employment context. *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008). To constitute extreme and outrageous behavior, the behavior must be more than "mere insults, indignities, threats,...and...plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate or unkind." *Hogan v. Forsyth Cnty.*, 340 S.E.2d 116, 123 (N.C. Ct. App. 1986). Although the Court does not doubt Mr. Lemay's frustration, the conduct surrounding the refused accommodation alleged in the complaint is not extreme and outrageous as a matter of law.

Further, Mr. Lemay has failed to allege that he suffered severe emotional distress. Mr. Lemay noted in his complaint that he has suffered "sleepless nights, depression, and anxiety" [DE

11-1 at 9]. However, these feelings of "fear, embarrassment, and humiliation" are insufficient, standing alone, to allege that his emotional distress was severe. *See Kaplan v. Prolife Action League of Greensboro*, 431 S.E.2d 828, 838 (N.C. Ct. App. 1993). Although an actual diagnosis by medical professionals is not always required or necessary, *Soderlund v. Kuch*, 546 S.E.2d 632, 639 (N.C. Ct. App. 2001), mere temporary fright, disappointment, or regret will not suffice to satisfy the element of severe emotional distress. *See Estate of Hendrickson ex rel. Hendrickson v. Genesis Health Venture, Inc.*, 565 S.E.2d 254, 265 (N.C. Ct. App. 2002). Absent an allegation that Mr. Lemay suffered an emotional or mental disorder that was severe and disabling, his claim must be dismissed. *See Waddle v. Sparks*, 414 S.E.2d 22, 27-28 (N.C. 1992).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DE 6] is GRANTED. Plaintiff's claim pursuant to 42 U.S.C. § 1981 is permitted to proceed. All other claims are DISMISSED.

SO ORDERED, this the 13 day of August, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE